UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Casanova Redmond, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　- against -<br><br>Upfield US Inc.,<br><br>　　　　　　　　　Defendant | 1:22-cv-06334<br><br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Upfield US Inc. ("Defendant") manufactures, labels, markets, and sells vegetable oil spreads made with alternative vegetable oils, i.e., "Made With Avocado Oil" with a picture of an avocado and avocado pit with light green colors under its Plant Butter brand ("Products").



**I. VEGETABLE OIL BLENDS**

2. Vegetable oil blends are emulsions of fat and water, used in food for flavoring,

baking, and cooking.

3. These oils typically include canola oil, palm oil, and soybean oil.

4. Where the fat content of such blends is equal to or exceeds 80 percent, such foods are called margarine, while less than this amount they are known as spreads.

5. Vegetable oil blends are often compared with butter.

6. According to the USDA, consumption of vegetable oil blends recently hit its lowest level since 1942, while butter has reached its highest level in fifty years.

7. This is due to several factors.

8. First, according to research firm Mintel, "consumers [are] increasingly turn[ing] to butter over margarine/spreads for its natural appeal," and a "preference for less processed foods."

9. Butter is made with natural ingredients like cream, through churning cow's milk, without chemicals or additives.

10. In contrast, vegetable oils are heavily refined in the presence of chemical catalysts such as nickel and cadmium.

11. Second, consumers are more aware of the healthier profile of butter compared to vegetable oil alternatives.

12. Butter contains heart healthier fats, while vegetable oils contain harmful trans fats, a result of hydrogenation and interesterification.

13. Butter contains calcium, and vitamins A and D, while vegetable oils have no comparable nutritional value due to the processing needed to render them palatable.

14. Third, vegetable oil spreads are considered ultra-processed foods ("UPF"), frowned upon by nutrition authorities and public health bodies.

15. To counter this decline of vegetable oil spreads, market research firms have promoted

adding valued oils to traditional vegetable oil-based foods.

16. Avocado oil is extracted from the pulp of avocados without additives or harsh processing.

17. Avocado oil is valued for its versatility, taste, and nutritional value.

18. The high smoke point of avocado oil means it is useful in cooking.

19. Whereas vegetable oils have no flavor or aroma, avocado oil is known for its nutty and grassy taste.

20. Avocado oil has high levels of heart-healthy fats which help control cholesterol.

21. Avocado oil contains immunity-promoting antioxidants, which help slow down the aging process.

## II. "MADE WITH AVOCADO OIL" IS MISLEADING

22. Even though the Product claims to be "Made With Avocado Oil" with a picture of an avocado and green packaging, it contains a de minimis amount of avocado oil.

**INGREDIENTS:** BLEND OF PLANT-BASED OILS (PALM FRUIT, PALM KERNEL, CANOLA AND AVOCADO OIL), WATER, SALT, PEA PROTEIN, SUNFLOWER LECITHIN, CITRIC ACID, VITAMIN A PALMITATE, NATURAL FLAVOR, BETA CAROTENE (COLOR).

23. The ingredient list shows avocado oil is the smallest part of the vegetable oil blend, less than palm fruit oil, palm kernel oil, and canola oil.

24. Federal and identical state regulations require ingredients to be listed in order of predominance by weight.

25. This principle applies here because the vegetable oils constitute the Product's

3

predominant ingredient, which means the parenthetical listing reflects the descending order of predominance by weight for each oil. 21 C.F.R. § 101.4(b)(14).

26. Consumers are misled because they expect "Made With Avocado Oil" with a picture of an avocado to mean the Product contains more than a relatively de minimis amount of this valued ingredient.

27. The amount of avocado oil is insufficient to confer health it is known for.

28. The Product contains other false and misleading representations and omissions.

29. As a result of the false and misleading representations and omissions, the Product is sold for a price premium, approximately no less than $4.89 per 16 OZ, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## Jurisdiction and Venue

30. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

31. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

32. Plaintiff is a citizen of Illinois.

33. Defendant is a Delaware corporation with a principal place of business in Hackensack, Bergen County, New Jersey

34. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant's member is a citizen.

35. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described in thousands of locations, including

4

grocery stores, big box stores, convenience stores, and online across the States covered by Plaintiff's proposed classes.

36. Venue is in this District with assignment to the Eastern Division because Plaintiff resides in Cook County and a substantial part of the events and omissions giving rise to these claims occurred here, including Plaintiff's review of the label, purchase and awareness the labeling was false and misleading.

## Parties

37. Plaintiff Casanova Redmond is a citizen of Chicago, Illinois, Cook County.

38. Defendant Upfield US Inc. is a Delaware corporation with a principal place of business in Hackensack, New Jersey, Bergen County.

39. Plaintiff purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, at locations including Food 4 Less, 4821 W North Ave, Chicago, IL 60639-4529, around October 2021, among other times.

40. Plaintiff read and relied on the statement and picture about the promoted ingredient, i.e., "Made With Avocado Oil" and the picture of an avocado to believe the Product was made with a significant and/or predominant amount of avocado oil.

41. Plaintiff expected more avocado oil than other vegetable oil ingredients.

42. Plaintiff bought the Product at or exceeding the above-referenced price.

43. Plaintiff paid more for the Product than he would have had he known the representations were false and misleading, as he would not have bought it or paid less.

44. Plaintiff chose between the Product and others represented similarly, but which did not misrepresent their attributes and/or components.

45. Plaintiff is unable to rely on the labeling of not only this Product, but other similar

vegetable oil spreads, because he is unsure of whether their representations are truthful.

## Class Allegations

46. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Illinois Class:** All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged.
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Arkansas, Iowa, Wyoming, Texas, Nebraska, West Virginia, Utah, Idaho, Alaska, Virginia, and Oklahoma, who purchased the Product during the statutes of limitations for each cause of action alleged.

47. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

48. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

49. Plaintiff is adequate representative because his interests do not conflict with other members.

50. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

51. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

52. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

53. Plaintiff seeks class-wide injunctive relief because the practices continue.

### Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*

54. Plaintiff incorporates by reference all preceding paragraphs.

55. Plaintiff relied on the representations that the Product was made with a significant and/or predominant amount of the promoted ingredient, such as avocado oil as opposed to mainly palm and canola oils.

56. Plaintiff and class members were damaged by paying more for the Product than they would have if they knew the present facts.

### Violation of State Consumer Fraud Acts (Consumer Fraud Multi-State Class)

57. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive practices.

58. The members of the Consumer Fraud Multi-State Class were harmed in the same way as Plaintiff, and may assert their consumer protection claims under the Consumer Fraud Acts of their States and/or the consumer protection statute invoked by Plaintiff.

### Breaches of Express Warranty, Implied Warranty of Merchantability/Fitness for a Particular Purpose and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

59. The Product was manufactured, identified, and sold by Defendant and expressly and impliedly warranted to Plaintiff and class members that it was made with a significant and/or predominant amount of the promoted ingredient, such as avocado oil as opposed to mainly palm and canola oils.

60. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail,

product descriptions distributed to resellers, and targeted digital advertising.

61. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires.

62. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant it was made with a significant and/or predominant amount of the promoted ingredient, such as avocado oil as opposed to mainly palm and canola oils.

63. Defendant described the Product so Plaintiff believed it was made with a significant and/or predominant amount of the promoted ingredient, such as avocado oil, a value-added ingredient, desired to provide health benefits, as opposed to mainly palm and canola oils, which became part of the basis of the bargain that it would conform to its affirmations and promises.

64. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

65. This duty is based on Defendant's outsized role in the market for this type of Product, custodian of the Country Crock brand.

66. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

67. Plaintiff provides or will provide notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

68. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

69. The Product did not conform to its affirmations of fact and promises.

70. The Product was not merchantable because it was not fit to pass in the trade as

8

advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container or label, because it was marketed as if it was made with a significant and/or predominant amount of the promoted ingredient, such as avocado oil, as opposed to mainly palm and canola oils.

71. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because he expected it was made with a significant and/or predominant amount of the promoted ingredient, such as avocado oil, as opposed to mainly palm and canola oils, and he relied on Defendant's skill and judgment to select or furnish such a suitable product.

## Negligent Misrepresentation

72. Defendant had a duty to truthfully represent the Product, which it breached.

73. This duty was non-delegable, and based on Defendant's position, holding itself out as having special knowledge and experience in this area, a trusted brand in the realm of vegetable oil blends.

74. The representations and omissions went beyond the specific representations on the packaging, and incorporated the extra-labeling promises and commitments to quality that Defendant has been known for.

75. These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

76. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, his purchase of the Product.

## Fraud

77. Defendant misrepresented and/or omitted the attributes and qualities of the Product,

9

that it was made with a significant and/or predominant amount of the promoted ingredient, such as avocado oil, as opposed to containing mainly palm and canola oils.

78. The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity of the representations.

79. Defendant knew of the issues described here yet did not address them.

<u>Unjust Enrichment</u>

80. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits;

2. Injunctive relief to remove, correct and/or refrain from the challenged practices;

3. Awarding monetary, statutory and/or punitive damages and interest;

4. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

5. Other and further relief as the Court deems just and proper.

Dated:   November 14, 2022

                                        Respectfully submitted,

                                        /s/Spencer Sheehan
                                        Sheehan & Associates, P.C.

60 Cuttermill Rd Ste 412  
Great Neck NY 11021  
(516) 268-7080  
spencer@spencersheehan.com