## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CASANOVA REDMOND, individually     )
and on behalf of all others similarly     )
situated,     )
             )     No. 1:22-CV-06334
         Plaintiff,     )
             )
         v.     )     Judge Edmond E. Chang
             )
UPFIELD US INC.,     )
             )
         Defendant.     )

### MEMORANDUM OPINION AND ORDER

Casanova Redmond brings a proposed class action against Upfield US Inc., alleging that the label on a container of butter stating "made with avocado oil" is deceptive and misleading. R. 1, Compl.[1] Redmond asserts claims under the Illinois Consumer Fraud Act, other state consumer fraud acts, the Magnuson Moss Warranty Act, as well as claims for common law breach of express and implied warranty, negligent misrepresentation, fraud, and unjust enrichment. *Id.*[2] Upfield moves to dismiss the claims for failure to state a claim under Civil Rule 12(b)(6).[3] R. 18, Def.'s Mot. For

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]Redmond alleges that the Court has jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds $5 million, Redmond is a citizen of Illinois, and Upfield is a corporation incorporated in Delaware with its principal place of business in New Jersey. Compl. ¶¶ 30–33.

[3]Upfield's motion also states that it moves to dismiss the Complaint under Civil Rule 12(b)(1), Def.'s Mot. at 1, but Upfield did not brief any subject-matter jurisdiction arguments, *see* R. 19, Def.'s Br. A jurisdictional inquiry may be warranted in this case about the amount in controversy. Redmond alleges that the product costs $4.89 per box. Compl. ¶ 29. Accepting

the reasons below, Upfield's motion is granted, and the complaint is dismissed (without prejudice for now).

## I. Background

In deciding a motion to dismiss, the Court accepts well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Upfield manufactures, markets, and sells plant butter with the following front label and ingredients list:



Compl. ¶¶ 1, 22. Redmond purchased the product at a grocery store in Chicago at least once in October 2021. *Id.* ¶ 39. Redmond alleges that the label is misleading because consumers expect, supposedly based on the label, that the product will have

---

that the product is sold at thousands of locations, *id.* ¶ 35, Upfield must have sold around 1 million boxes of plant butter (even accounting for other damages and costs) to satisfy CAFA's $5 million amount-in-controversy requirement, 28 U.S.C. § 1332(d)(2). But even if the CAFA jurisdictional inquiry was satisfied by Redmond, Redmond's claims would still be dismissed on the merits as explained in this Opinion.

"more than a relatively de minimis amount" of avocado oil, which is a "valued ingredient." *Id.* ¶¶ 26–29. As a result of these alleged misrepresentations, Redmond claims that Upfield sold more of the product and at a higher "premium" price of $4.89 per box. *Id.* ¶ 29. These allegations of misrepresentation are the basis for all of Redmond's claims. *Id.* ¶¶ 54–80.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[4] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Claims alleging fraud must also satisfy the heightened pleading requirement of Federal Rule of Civil Procedure Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). And Rule 9(b)'s heightened pleading standard applies to fraud claims brought under the Illinois Consumer Fraud

---

[4]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

Act. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). Thus, Rule 9(b) requires that Redmond's complaint "state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (cleaned up). Put differently, the complaint "must describe the who, what, when, where, and how of the fraud." *Pirelli*, 631 F.3d at 441–42 (cleaned up).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

### A. Fraud Act

To state a Fraud Act claim, Redmond must adequately plead "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Camasta v. Jos. A.*

*Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (cleaned up). In product-label cases, "plaintiffs' claims survive if they have plausibly alleged that the defendants' front labels likely lead a significant portion of reasonable consumers to falsely believe something that the back labels belie." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 476 (7th Cir. 2020). Although "an accurate fine-print list of ingredients does not foreclose as a matter of law a claim that an ambiguous front label deceives reasonable consumers," *id.*, "where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified," *id.* at 477.

Even viewing the allegations in Redmond's favor, his proposed interpretation of the product label is unreasonable and fanciful. Redmond is correct that the front label says "made with avocado oil" and has a picture of part of an avocado on it. Compl. ¶ 1. But the front label also says "79% vegetable oil spread." *Id.* And the back label is consistent with the front label: the first ingredient in the ingredients list is "blend of plant-based oils (palm fruit, palm kernel, canola and avocado oil)." *Id.* ¶ 22. So the front label says that the so-called "plant butter" is "made with avocado oil" and "79% vegetable oil"—and the back label confirms all of that to be true.

Redmond's central argument is that the label promises that avocado oil is the predominant ingredient, and is thus misleading. *See* R. 23, Pl.'s Resp. at 2–7. Courts in this district have repeatedly rejected this argument in similar circumstances. *See Matthews v. Polar Corp.*, 2023 WL 4534543, at *7 (N.D. Ill. Mar. 22, 2023) ("A statement about the presence of an ingredient is not a promise about the amount of the

ingredient. … A claim cannot rest on a mere reference to an ingredient that is, in fact, an ingredient unless something else makes that statement misleading.") (collecting cases); *Gardner v. Ferrara Candy Co.*, 2023 WL 4535906, at *5 (N.D. Ill. Mar. 22, 2023) ("Courts widely dismiss claims that a product contained only a *de minimis* amount of an ingredient when the packaging itself did not promise more.") (collecting cases); *Hamidani v. Bimbo Bakehouse LLC*, 2023 WL 167513, at *3 (N.D. Ill. Jan. 12, 2023) ("Packaging that merely depicts or asserts the presence of an ingredient typically cannot lead a reasonable consumer to conclude that the product contains a certain amount of that ingredient."); *Rudy v. D.F. Stauffer Biscuit Co., Inc.*, 666 F. Supp. 3d 706, 719(N.D. Ill. 2023) ("Viewing the representations on the packaging in their entirety, none of the text or images give any indication as to the amount of lemon ingredients the product will contain."); *Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505, at *5 (N.D. Ill. Mar. 1, 2022) ("The front of the Product packaging does not state or suggest anything about the amount of strawberries in the Product's filling or guarantee that the filling contains only strawberries, and Chiappetta concedes that the filling contains some strawberries."); *Ledezma v. Upfield US Inc.*, 2022 WL 16553039, at *5 (N.D. Ill. Oct. 31, 2022) (holding that a spread labeled "With Olive Oil" did "not even obliquely suggest that the product contains a particular amount of olive oil, let alone [an] unspecified greater amount of olive oil expected by [plaintiff]"); *Guzman v. Walmart Inc.*, 2023 WL 4535903, at *3 (N.D. Ill. May 15, 2023) ("The product's front label states that it contains 'Mayo with Olive Oil' …. A reasonable consumer could not interpret that representation to mean that the mayo contains a

particular amount of olive oil."); *see also Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 937 (7th Cir. 2021) (rejecting the argument that a product label stating "they use fresh regional ingredients" means "they use *only* fresh regional ingredients," in the context of a Wisconsin Deceptive Trade Practices Act product mislabeling claim).

Here too, Redmond concedes that the product label says "made with avocado oil" and then bears an ingredient list with avocado oil. Compl. ¶¶ 22–23. No reasonable consumer could believe that there would be a specific (or predominant) amount of avocado oil in the product just based on the front label's statements that it was "made with avocado oil," contained "79% vegetable oil spread," and a back label with an ingredient list. *Id.* ¶ 1; *see Bell*, 982 F.3d at 476. Redmond has not articulated any reason to deviate from the convincing precedent in this district, so Upfield's motion to dismiss the Fraud Act claim is granted.

## B. Other Claims

Redmond's remaining claims for violations of other states' consumer fraud acts and the Magnuson Moss Warranty Act, as well as his claims for common law breach of express and implied warranty, negligent misrepresentation, fraud, and unjust enrichment are all premised on the same allegations of misrepresentation and deception as the Fraud Act claim. *See* Compl. ¶ 58 ("The members of the Consumer Fraud Multi-State Class were harmed in the same way as Plaintiff, and may assert their consumer protection claims under the Consumer Fraud Acts of their States."); *id.* ¶ 59 (claiming Upfield "expressly and impliedly warranted to Plaintiff and class

members that it was made with a significant and/or predominant amount of the pro-

moted ingredient, such as avocado oil as opposed to mainly palm and canola oils"); *id.*

¶ 72 (claiming negligent misrepresentation because Upfield breached its "duty to

truthfully represent the product"); *id.* ¶ 77 (again claiming fraud because Upfield

"misrepresented and/or omitted the attributes and qualities of the Product, that it

was made with a significant and/or predominant amount of the promoted ingredient,

such as avocado oil, as opposed to containing mainly palm and canola oils."). Because

Redmond has not plausibly alleged that the product's label is false, misleading, or

deceptive as a matter of law as explained above, Redmond's remaining claims also

fail for the same reasons. *See, e.g.*, *Jackson v. Kraft Heinz Foods Co.*, 2022 WL

4591749, at *4 (N.D. Ill. Aug. 3, 2022); *Wach v. Prairie Farms Dairy, Inc.*, 2022 WL

1591715, at *6 (N.D. Ill. May 19, 2022).

## IV. Conclusion

Upfield's motion to dismiss all of Redmond's claims is granted, and the com-

plaint is dismissed. Although the Court is skeptical that the complaint can be fixed,

for now the dismissal is without prejudice, because Redmond has not had a chance to

amend the complaint yet. The amended complaint is due (if filed at all) on or before

October 15, 2024. If no amended complaint is filed, then the dismissal will automati-

cally convert to a dismissal with prejudice. The status hearing of October 18, 2024,

remains in place to track the case.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 30, 2024